**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ELMER MORENO MENDOZA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>BPH DIRECTOR JENNIFER SHAFFER,<br>et al.,<br><br>　　　　　Defendants. | No. CV 21-430-FMO (PLA)<br><br>**ORDER TO SHOW CAUSE RE:<br>PLAINTIFF'S APPLICATION TO FILE<br>ACTION *IN FORMA PAUPERIS*** |

　　　　On January 12, 2021, Elmer Moreno Mendoza ("plaintiff") filed with this Court a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint" or "Compl.") (ECF No. 1); on January 19, 2021, he filed a Request to Proceed In Forma Pauperis ("IFP Request").[1] (ECF No. 2). Plaintiff in his Complaint names as defendants the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), Corrections Officer Sanchez, and the Director of the Board of Parole Hearings ("BPH"). The date of the incident that is the subject of the Complaint is indicated as October 20, 2020. (Compl. at 3). Plaintiff alleges that he did not immediately receive a transcript

---

[1] Plaintiff's IFP Request was missing both page 2 of the Request form (which includes a space for plaintiff's sworn signature), and a Prisoner Authorization form. (ECF No. 4).

from a recent parole suitability hearing and that a copy of his transcript was initially given to a prisoner with the same last name. (Id. at 5).

Because plaintiff is seeking leave to proceed IFP, the Court has screened the Complaint for the purpose of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

**A.    THREE STRIKES PURSUANT TO 28 U.S.C. § 1915**

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not proceed IFP in a civil action, or appeal a civil judgment under 28 U.S.C. § 1915, "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Here, in response to the question on the form Complaint requiring plaintiff to inform the Court of any other lawsuits he has brought in federal court while a prisoner, plaintiff responded that he has brought "several," but he then provides information about only one other action, a case currently pending in the Central District of California, case number CV 19-9873-FMO (PLA), in which plaintiff alleges a First Amendment retaliation claim. (Compl. at 1-2). However, the Inmate Statement Report attached to his IFP request (ECF No. 4 at 4) reflects a number of other cases that plaintiff has pursued; additionally, the Court's review of the PACER federal case locator website reflects that including these two actions currently pending in the Central District, plaintiff has been involved in no fewer than 11 actions: 6 in the Central District of California, 3 in the Northern District of California, 1 in the Southern District of California, and 1 in the Ninth Circuit Court of Appeals, as follows:

Mendoza v. Roberts, et al., S.D. Cal. Case No. 16-2319

Mendoza v. Captain Aguilar, et al., C.D. Cal. Case No. 16-6871

Mendoza v. Captain Aguilar, N.D. Cal. Case No. 16-5529

1. Mendoza v. Sanchez, et al., C.D. Cal. Case No. 16-8159
2. Mendoza v. Plascencia, et al., C.D. Cal. Case No. 16-9046
3. Mendoza v. Lowe, C.D. Cal. Case No. 16-9597
4. Mendoza v. Monterey Cnty., et al., N.D. Cal. Case No. 18-1445
5. Mendoza v. Aguilar, Ninth Cir. Case No. 18-15564
6. Mendoza v. Zaldivia, et al., C.D. Cal. Case No. 19-9873
7. Mendoza v. Monterey Cnty., N.D. Cal. Case No. 19-7697
8. Mendoza v. Shaffer, C.D. Cal. Case No. 21-430 (this action)

Moreover, there are two actions listed on the Inmate Statement Report, both designated as PLRA obligations, for which the Court was unable to locate any PACER records: 18-3616 and 19-3041.

A number of the dismissals in the above actions appear to count as strikes pursuant to § 1915(g):

(1) in Mendoza v. Roberts, et al., S.D. Cal. Case No. 16-2319-JAH-JLB (ECF Nos. 5, 10), the District Judge dismissed plaintiff's complaint for failure to state a claim and for failure to prosecute after he failed to timely file an amended complaint. See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that when a district court dismisses a complaint for failure to state a claim, grants leave to amend, and the plaintiff fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)).

(2) in Mendoza v. Sanchez, et al., C.D. Cal. Case No. 16-8159-FMO (FMM) (ECF No. 5), the Magistrate Judge recommended that plaintiff's IFP Request be denied on the grounds that plaintiff's claims ("[d]enial of showers, claimed ignorance of prison form, etc. do not arise to level of 'chilling' adverse action or constitutional deprivation. No constitutional right to confidential correspondence with prison official") were frivolous, malicious, or failed to state a claim upon which relief may be granted; on November 30, 2016, the District Judge denied the IFP Request and dismissed the action. See Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (dismissal for failure to state a claim within the meaning of Rule 12 of the Federal Rules of Civil Procedure, qualifies as a strike).

(3) in Mendoza v. Captain Aguilar, et al., C.D. Cal. Case No. 16-6871-FMO (FMM) (ECF Nos. 98, 101, 102), the District Judge accepted the Magistrate Judge's Recommendation to grant defendants' Rule 12(b)(6) Motion to Dismiss asserting that plaintiff failed to state a claim with respect to a violation of his right of access to the courts (the only claim asserted in his Second Amended Complaint) and dismissed the entire action with prejudice. Andrews, 398 F.3d at 1121 (dismissal for failure to state a claim within the meaning of Rule 12 of the Federal Rules of Civil Procedure, qualifies as a strike).

    (4)    in <u>Mendoza v. Monterey Cnty.</u>, N.D. Cal. Case No. 19-7697-RS (ECF Nos. 7, 8), the District Judge dismissed the action on the ground that plaintiff's sole defendant, a state prosecutor, is immune from suit. Thus, plaintiff failed to state a claim against the defendant. <u>Andrews</u>, 398 F.3d at 1121; <u>Harris v. Harris</u>, 935 F.3d 670, 675-76 (9th Cir. 2019) (dismissal of case on immunity grounds may qualify as a strike where immunity is "so clear on the face of the complaint" or where immunity is "so obvious that suit is frivolous").

Each of these actions was dismissed for failure to state a claim or as frivolous, and each, therefore, appears to qualify as a strike pursuant to § 1915(g). Accordingly, it appears to the Court that plaintiff has accumulated three or more prior qualifying strikes pursuant to § 1915(g). Plaintiff, therefore, is barred from proceeding IFP herein unless and until he can show that he does *not* have three strikes in accordance with 28 U.S.C. § 1915(g), or that at the time this action was lodged for filing, plaintiff was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the "imminent danger" exception, however, "turns on the conditions a prisoner faced *at the time the complaint was filed*, not at some earlier or later time." <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007) (emphasis added). Further, "the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status." <u>Richey v. Dahne</u>, 807 F.3d 1202, 1206 (9th Cir. 2015).

It does not appear to the Court that plaintiff could have been under imminent threat of serious physical injury at the time that he initiated this action. Plaintiff's claims arise from the failure of prison officials to provide him with a transcript from a recent parole suitability hearing, and the claim that a copy of the transcript was instead given to a prisoner with the same last name. Moreover, there is nothing in the factual allegations in the Complaint that raises a reasonable inference that plaintiff was facing imminent danger of serious physical injury at the time that he initiated this action.

Accordingly, plaintiff is hereby **ORDERED** to show cause, **no later than February 12, 2021, why his Request to proceed IFP should not be denied**.[2] Plaintiff must demonstrate to the Court, **in a sworn declaration**, why his IFP Request should not be denied pursuant to 28

---

   [2] If plaintiff's IFP Request is denied, plaintiff must pay the full filing fee in order to proceed with this action. (<u>But</u> <u>see</u> part B, <u>infra</u>).

4

U.S.C. § 1915(g). That is, plaintiff must explain to the Court why any of his civil actions or appeals of a judgment in a civil action or proceeding that has been "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ," should *not* count as a strike pursuant to 28 U.S.C. § 1915(g), and/or that he was "under imminent danger of serious physical injury" at the time he filed this Complaint.

**Failure to file a timely response to this Order to Show Cause will be deemed by the Court as plaintiff's consent to the denial of his IFP Request**.

### B.     FAILURE TO STATE A CLAIM

In addition to the foregoing, plaintiff is also put on notice that whether or not his IFP Request is granted, his Complaint is still subject to dismissal for failure to state a claim and/or as frivolous.

In order to state a federal civil rights claim against a particular defendant, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a *right guaranteed under the Constitution or a federal statute*. See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)). Here, plaintiff does not set forth factual allegations showing that any named defendant took an affirmative act, participated in another's affirmative act, or failed to perform an act that he or she was legally required to do that caused plaintiff to suffer a constitutional deprivation. To the extent that plaintiff is purporting to hold the Secretary of the CDCR or the Director of the BPH responsible for a mistake in the delivery of the transcript of plaintiff's hearing, supervisory personnel are not liable under § 1983 on a theory of respondeat superior. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior");

Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). Plaintiff fails to allege any facts showing that the Secretary of the CDCR or the Director of the BPH set "in motion a series of acts by others," or "knowingly refus[ed] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011).

In addition, plaintiff's Complaint does not clearly identify the number of claims he is raising, which claim he wishes to raise against which defendant, or what the factual basis is for each claim. In connection with the "failure to ensure the delivery" of his hearing transcript, plaintiff references the Eighth Amendment; his "right to due process" (ECF No. 1 at 5, 13, 19-20); a "First Amendment Right to Request [sic] the Government for Redress" (*id.* at 11, 13); deprivation of "legal property" (*id.* at 18); and violations of "Federal & State Laws" regarding confidentiality (*id.* at 27-28, 30).

Plaintiff also references the Eighth Amendment in connection with allegations concerning a failure to protect plaintiff from threats of violence and identity theft by other inmates. (*Id.* at 42, 44, 48). A pleading that fails to clearly and concisely set forth factual allegations sufficient to provide each defendant with notice of which defendant is being sued on which theory and what relief is being sought against them fails to comply with Fed. R. Civ. P. 8(a) ("Rule 8"). See, e.g., McHenry v. Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981). Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil v. U. S. Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995). Plaintiff's Complaint does not meet this standard.

Further, to the extent that plaintiff is purporting to raise a federal civil rights claim against any defendant for violation of his right of access to the courts, plaintiff must show that he suffered an "actual injury" that was caused by the actions of a specific defendant. See Lewis v. Casey, 518 U.S. 343, 354-55, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). Here, plaintiff does not allege any facts raising a plausible inference that the actions of any defendant prevented plaintiff from

pursuing a non-frivolous legal claim.  See Bounds v. Smith, 430 U.S. 817, 824-25, 97 S. Ct. 1491, 52 L. Ed. 2d 72  (1977); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).

Moreover, plaintiff seeks to have the Court order his release from custody to allow plaintiff to be deported to his country of origin.  (ECF No. 1 at 58).  When a state prisoner challenges the legality of his custody and seeks a determination of his entitlement to an earlier or immediate release, a petition for habeas corpus -- not a civil rights action -- is a prisoner's sole judicial remedy.  Preiser v. Rodriguez, 411 U.S. 475, 489-90, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); Young v. Kenny, 907 F.2d 874, 875 (9th Cir. 1990).  Plaintiff may not challenge the fact or length of his confinement or seek release from custody in a civil rights action.  See Skinner v. Switzer, 562 U.S. 521, 525, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011) (habeas corpus is the "exclusive remedy" for prisoners who seek "immediate or speedier release from confinement").

Accordingly, the Court finds that the Complaint does not set forth any factual allegations giving rise to a reasonable inference that any named defendant is liable for *a violation of a federal law or the United States Constitution*.  Plaintiff has failed to meet his burden of alleging facts, not mere legal conclusions, to support subject matter jurisdiction.  The Court therefore appears to lack jurisdiction over plaintiff's action because plaintiff fails to allege a federal claim that is not "wholly insubstantial" or "obviously frivolous."  Shapiro v. McManus, 577 U.S. 39, 45-46, 136 S. Ct. 450, 193 L. Ed. 2d 279 (2015).

**C.  CONCLUSION**

If plaintiff fails to timely demonstrate that he is not a three-strike litigant, he will have to pay the full filing fee in order to proceed with this action.  And whether or not he is determined to be a three-strike litigant, and even if he were to pay the full filing fee, the action is still subject to dismissal for the reasons set forth above.  **Plaintiff's response to this Order to Show Cause is due no later than February 12, 2021**.

The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form, along with this Order.  The Clerk is also directed to provide plaintiff with a blank Central

1 District "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)," should
2 plaintiff decide not to proceed with this action.

4 DATED: January 22, 2021

                                          PAUL L. ABRAMS
                        UNITED STATES MAGISTRATE JUDGE